# UNITED STATES DISTRICT COURT
for the
Western District of North Carolina

Asheville Division

RECEIVED
ASHEVILLE, N.C.
OCT 18 2019
Clerk, U.S. Dist. Court
W. Dist. of N.C.

Christopher Anthony Judd
_____
Plaintiff(s)
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

County of Buncombe County a Political Subdivision of the State of N.C.
_____
Defendant(s)
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

) Case No. 1:19-cv-303-FDW
) *(to be filled in by the Clerk's Office)*
)
)
) Jury Demand
)
) ☒ Yes ☐ No
)
)
)
)
)
)

~~AMENDED~~

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Christopher Anthony Judd
All other names by which you have been known:
ID Number: 0801408
Current Institution: Neuse Correctional Institution
Address: P.O. Box 2087
Goldsboro, N.C. 28801
*City / State / Zip Code*

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

**Defendant No. 1**
Name: Buncombe County
Job or Title (if known): a Political Subdivision of the State of North Carolina
Shield Number:
Employer:
Address: 200 College Street, Fourth Floor
Asheville, N.C. 28801
*City / State / Zip Code*
☒ Individual capacity  ☒ Official capacity

**Defendant No. 2**
Name: Sheriff Van Duncan
Job or Title (if known): Former Sheriff of Buncombe County
Shield Number:
Employer: Buncombe County Sheriff's Office
Address: 60 Court Plaza
Asheville, N.C. 28801
*City / State / Zip Code*
☒ Individual capacity  ☒ Official capacity

Page 2 of 11

Defendant No. 3
Name: Jane Doe
Job or Title (if known): Former Mental Health Care Provider
Shield Number:
Employer: Buncombe County Sheriff's Office
Address: 60 Court Plaza
Asheville, N.C. 28801

☒ Individual capacity  ☒ Official capacity

Defendant No. 4
Name: 6 John Doe's
Job or Title (if known):
Shield Number:
Employer: Buncombe County Sheriff's Office
Address: 60 Court Plaza
Asheville, N.C. 28801

☒ Individual capacity  ☒ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against (check all that apply):

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

*14th Amendment Due Process*

Failure to provide adequate mental health care, deliberately indifferent policy, deliberate indifference to serious psychological needs, deliberate indifference to health and safety of others, Cruel and Unusual Punishment, failure to train and supervise

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Deliberate indifference to substantial likelihood of suicide attempt
Failure to train employees for psychiatric emergency/mental health crisis management & suicide prevention
Failure to protect from self injury

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

### III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- ☒ Pretrial detainee
- ☐ Civilly committed detainee
- ☐ Immigration detainee
- ☒ Convicted and sentenced state prisoner
- ☐ Convicted and sentenced federal prisoner
- ☐ Other *(explain)*

### IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

2010, 2012, 2013, 2016 at Buncombe County Detention Facility

C. What date and approximate time did the events giving rise to your claim(s) occur?

2010, 2012, 2013, 2016 & 2014

November 11, 12, 13 2016

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See Attached

Buncombe County Sheriff's Office has been aware of my suicidal tendencies and serious psychological needs since at least 2010 when I attempted to hang myself due to severe anxiety and withdrawl and were informed later in the year 2010 of several mental health diagnosis to include: severe anxiety, insomnia, borderline personality disorder, Mood disorder & prescriptions for Methadone, Klonopin, Zyprexa, trazadone

V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive. Worsening of psychological symptoms, Suicide attempt by self hanging, slow strangulation, extreme fear, anxiety, loss of vital signs, altered mental status, emergency transport to mission ed intubation for vent management, gastrointestinal feeding tube, admission to neuro trauma I.C.U. with critically ill neuro-pulmonary organ systems Anoxic/Hypoxic Brain injury, P.T.S.D., depression, chronic headaches Rib fracture, edema to neck, damage to esophagus, overall severe Physical and emotional distress, permanent consequence.

VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims. For all physical and psychological Pain and suffering, permanent brain injuries and permanent Psychological injuries I am seeking compensation in the amount of $50,000,000.00 And punitive damages for the 6 years of failing to provide adequate mental health care along with the deliberately indifferent policy and cruel and unusual punishment I am seeking damages in the amount of $25,000,000.00

Case 1:19-cv-00303-FDW   Document 1   Filed 10/18/19   Page 5 of 15

Attachment

## Facts Underlying Claims

etc., etc.... Despite their awareness of my diagnosis as well as their knowledge of my numerous traumatic injuries both physical and emotional, I was only seen by a psychiatrist maybe 2 times. I was referred to Jane Doe at each time I submitted requests for mental-health treatment. I was given some of my prescribed medications one time in late 2013 or early 2014 immediately following a suicide attempt and those medications were discontinued for reasons unknown to me. Despite my constant requests nurse Jane Doe continued to act with deliberate indifference to my serious psychological needs and repeatedly withheld medications and never made any further attempts to alleviate my psychological suffering despite her knowledge of my suicidal tendencies, the resultant substantial likelihood that I would attempt suicide and the substantial risk of serious harm posed by the denial of access to adequate mental healthcare. I made multiple requests through the electronic kiosk system seeking help for symptoms of anxiety, insomnia, loss of appetite and paranoia and each time was refused access to mental health meds or an interview with a psychiatrist. When released in July 2016, I was severely emotionally disturbed and suicidal, I was rearrested in November 2016, informed Deputy John Doe I was suicidal and asked that he take me to the hospital, he refused, took me to jail and left me in the care of Det. Fac. Employee John Doe and I assumed he informed him of my suicide threat although he may not have. Detention facility Employee John Doe processed

me into the jail and then transported me to the drunk tank and may or may not have informed central booking officer John Doe of my suicide threat. Only a few hours after arriving I went through the medical screening where I agreed to release Buncombe County from liability for costs incurred as a result of self injurious behavior which I believe prompted Deputy Daniel Hayes and Mental Health Care provider Jane Doe to come down to booking and conduct a very brief and cursory interview and based on that brief and cursory interview, and dispite my repeated requests for mental health care throughout the entire year of 2016, Deputy Daniel Hayes and Nurse Jane Doe removed me from the suicide watch list and intentionally and recklessly disregarded the strong likelihood that I would attempt suicide, caused me to be issued sheets, blankets, and assigned to a cell with tie off points, and made no provision to ensure my safety and were therefore acting with deliberate indifference to my serious medical needs, deliberate indifference to the strong likelihood that I would attempt suicide, deliberate indifference to my serious psychological needs and failed to protect me me from my known suicidal tendencies.

    I only remember coming into contact with one Deputy Billy Watkins who is already a Defendant in Case# 1:19-CV-76-F.D.W along with Daniel Hayes. It is possible however that any one of at least 6 other John Doe defendants came into contact with me and either observed me engaging in strange behavior or heard me making suicidal statements

and failed to act reasonably and therefore failed to protect me from the known risk of suicide, acted with deliberate indifference to my health and safety and denied me my right of protection from self harm and as a result I attempted suicide and nearly died.

I believe my decompensation overall is attributable to Buncombe County failing to provide minimally adequate Mental Health Care where it de facto delegated it's decision making authority, where medication and counselling were the need, to Nurse Jane Doe who repeatedly denied me access to medication, denied me access to a psychiatrist and always treated me like I was trying to manipulate the system and was therefore deliberately indifferent to my ongoing mental health and safety, and intentionally chose not to make any meaningful attempt to alleviate my suffering therefore inflicting vanesse unnecessary and psychological suffering resulting in suicide attempts in violation of the Eighth Amendments prohibition on cruel and unusual punishment.

Buncombe Counties' failure to provide minimally adequate mental health care and therefore its deliberate indifference to the ongoing mental health and safety of others was manifested in it's mental health proffessional understaffing, Nurse Jane Doe was the only one and it's questionable whether she was licensed or qualified, it's failure to train its employees to communicate suicide risks

failure to recognize and manage psychiatric emergencies and prevent suicide attempts despite the high number of mentally ill people typically housed in its detention facility and the frequent suicide and suicide attempt occurrence.

Buncombe County and Sheriff Van Duncans- deliberate indifference to the health and safety of others is blatantly demonstrated by it's intake policy of asking inmates to sign a form releasing Buncombe County from liability for costs incurred as a result of self injurious behavior. I believe that form encourages Detention Facility employees to intentionally disregard and ignore detainees and inmates known to be disposed to suicide and that is why I was not on suicide watch the morning of Nov. 13 2016 when I hung myself and nearly died. I spent 10 Days in Neuro trauma I.C.U. and am still suffering from the residual affects; hypoxic brain injury, anterograde amnesia, chronic headaches, P.T.S.D. and depression.

Buncombe County and Sheriff Van Duncan kept me under conditions where I suffered incalculable psychological suffering, in violation of the Eighth amendment for many months over the 6 year period outlined in this complaint and inflicted serious and lasting harm.

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Buncombe County Detention Facility

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

Suicide attempt resulting in bodily injury.

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes

☒ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☒ No

E. If you did file a grievance:

1. Where did you file the grievance?

2. What did you claim in your grievance?

3. What was the result, if any?

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

   Between 2010 and 2016 Grievance forms were not freely provided. I asked a sergeant for one at one point in 2016 for mental health complaints and he said 'did you see trina?' I replied yes and he said oh then you've seen mental health you don't have a valid issue to grieve.

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

   I believe I spoke to a therapist at Robert Swain recovery Center in April of 2016 about the Sheriffs Offices' refusal to take my mental health needs seriously, I was very worked up and ended up absconding from rehab because I did not want to go back to Buncombe County Jail

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☒ Yes

☐ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s) Christopher Anthony Judd
   Defendant(s) Billy Watkins et. al,

2. Court *(if federal court, name the district; if state court, name the county and State)*
   Western District of North Carolina

3. Docket or index number
   1:19-CV-76-FDW.

4. Name of Judge assigned to your case
   Frank D. Whitney

5. Approximate date of filing lawsuit
   3-4-2019

6. Is the case still pending?
   ☒ Yes
   ☐ No
   If no, give the approximate date of disposition.

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☒ Yes

☐ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s) Christopher Anthony Judd
   Defendant(s) Willis Langford et, al;

2. Court *(if federal court, name the district; if state court, name the county and State)*

   Western District of North Carolina

3. Docket or index number
   1:19-CV-158-FDW

4. Name of Judge assigned to your case
   Frank D Whitney

5. Approximate date of filing lawsuit

6. Is the case still pending?

   ☒ Yes

   ☐ No

   If no, give the approximate date of disposition

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 10-12-2019

Signature of Plaintiff: *Christopher Judd*
Printed Name of Plaintiff: Christopher Anthony Judd
Prison Identification #: 0801408
Prison Address: Neuse Correctional Institution P.O. Box 2087
Goldsboro, N.C. 27533

### B. For Attorneys

Date of signing: 

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address

City / State / Zip Code

Telephone Number
E-mail Address