IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00303-MR

CHRISTOPHER ANTHONY JUDD,       )
                                )
            Plaintiff,          )
                                )
vs.                             )
                                )
BUNCOMBE COUNTY, et al.,        )        **ORDER**
                                )
            Defendants.         )
_____ )

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1]. Also pending is a Motion to Appoint Counsel [Doc. 6]. Plaintiff is proceeding *in forma pauperis.* [Doc. 9].

**I.    BACKGROUND**

*Pro se* Plaintiff was incarcerated when he filed this civil rights suit pursuant to 42 U.S.C. § 1983, complaining about incidents that allegedly occurred at the Buncombe County Detention Facility ("BCDF"). He names as Defendants: Buncombe County; the Buncombe County Sheriff;[1] Jane Doe, a mental healthcare provider; and John Does 1 through 6. Plaintiff alleges that Defendants' failure to provide adequate mental health care, failure to train and supervise with regards to mental health crises and suicide

---

[1] Plaintiff named Van Duncan but the current Buncombe County Sheriff is Quentin Miller.

prevention, a deliberately indifferent policy, deliberate indifference to Plaintiff's serious mental health conditions, and failure to protect Plaintiff from self-injury resulted in his suicide attempt on November 13, 2016 and subsequent serious injuries.

In his Complaint, Plaintiff alleges that he informed Deputy John Doe 1 that he was suicidal and asked to go to the hospital upon his arrest on November 11, 2016. John Doe 1 refused and took Plaintiff to BCDF, where he left him with detention facility employee John Doe 2. Plaintiff "assume[s]" that John Doe 1 informed John Doe 2 of Plaintiff's threat of suicide but "he may not have" done so. [Doc. 1 at 6]. John Doe 2 processed Plaintiff and transported him to the drunk tank and "may or may not have" informed central booking of Plaintiff's suicide threat. [Doc. 1 at 7]. Plaintiff alleges that "[i]t is possible" that "any one of at least 6 other John Doe defendants came into contact with [Plaintiff] and either observed [him] engaging in strange behavior or heard [him] making suicidal statements and failed to act reasonably" by protecting Plaintiff from self-harm. [Doc. 1 at 7-8].

Plaintiff seeks compensatory and punitive damages totaling $75,000,000.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis,* the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, a *pro se* complaint must contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983).

## III. DISCUSSION

The Complaint in the instant case is duplicative of an earlier-filed action. Plaintiff filed a civil rights action addressing the same suicide attempt in this Court, Civil Case No. 1:19-cv-76-MR. Plaintiff's Fourth Amended Complaint in Civil Case No. 1:19-cv-76 was filed just two days before the Complaint in the instant case was filed.[2] The Fourth Amended Complaint in Civil Case No. 1:19-cv-76 passed initial review on claims of inadequate mental healthcare policy by BCSO and deliberate indifference to Plaintiff's serious psychological needs against the John Doe 1 deputy sheriff who arrested Plaintiff; Deputy Daniel Hayes and the Jane Doe mental healthcare provider who interviewed Plaintiff on intake on November 11, 2016; and Deputy Billy Watkins to whom Plaintiff mentioned suicide before his suicide attempt on November 13, 2016. The claims in the instant case against John Doe 1 deputy sheriff, Deputy Hayes, Jane Doe mental healthcare provider, and Deputy Watkins are duplicative of the claims asserted in the earlier action and are therefore subject to dismissal.[3]

---

[2] Houston v. Lack, 487 U.S. 266 (1988) (establishing the prison mailbox rule); see Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prison mailbox rule to § 1983 case).

[3] The Complaint includes allegations against Deputies Hayes and Watkins but Plaintiff fails to include these individuals in the caption or identify them as defendants. See generally Fed. R. Civ. P. 10(a) (requiring the title of the pleading to name all of the parties).

4

Plaintiff additionally asserts deliberate indifference claims against defendants identified as John Does 2 through 6. These claims, however, are insufficient to pass initial review.

Prisoners have the right to receive adequate medical care while incarcerated.[4] See Estelle v. Gamble, 429 U.S. 97, 104 (1976); Scinto v. Stansberry, 841 F.3d 219, 236 (4th Cir. 2016). This constitutional right is violated when a prison official demonstrates "deliberate indifference" to an inmate's serious medical or psychological needs. Id.; Buffington v. Baltimore

---

[4] Because Plaintiff was a pre-trial detainee at the relevant times, his medical claim is properly brought under the Fourteenth Amendment rather than the Eighth Amendment, which applies to convicted prisoners. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239 (1983); see also Martin v. Gentile, 849 F.2d 863 (4th Cir. 1988) (applying the Fourteenth Amendment to an arrestee's deliberate indifference claim). The Fourth Circuit has long applied the Eighth Amendment deliberate indifference standard to pretrial detainees' claims for the denial of medical care. See, e.g., Young v. City of Mount Ranier, 238 F.3d 567, 575 (4th Cir. 2001); Grayson v. Peed, 195 F.3d 692, 695 (4th Cir.1999); Belcher v. Oliver, 898 F.2d 32, 34 (4th Cir.1990); Martin, 849 F.3d at 863. Some circuits have held, in light of Kingsley v. Hendrickson, 576 U.S. 389 (2015), that an objective reasonableness standard should apply in custodial contexts beyond excessive force, including medical claims. See, e.g., Hardeman v. Curran, 933 F.3d 816 (7th Cir. 2019) (extending the objective standard to conditions of confinement cases); Darnell v. Pineiro, 849 F.3d 17, 35 (2d Cir. 2017) (extending objective standard to conditions of confinement cases); Castro v. City of Los Angeles, 833 F.3d 1060, 1069-70 (9th Cir. 2016 (*en banc*) (extending the objective standard to failure to protect claims). The Fourth Circuit has not yet addressed this question. See, e.g., Duff v. Potter, 665 F. App'x 242, 244-45 (4th Cir. 2016) (applying the Kingsley standard to a detainee's excessive force claim but declining to disturb the district court's ruling on plaintiff's claim of deliberate indifference to a serious medical need for procedural reasons). The Court will apply the deliberate indifference standard in this case, as the relevant Fourth Circuit case law has not been overruled and the Fourth Circuit has not expressed any intention to do so. See, e.g., Shover v. Chestnut, 798 F. App'x 760, 761–62 (4th Cir. 2020) (applying the deliberate indifference standard to a pretrial detainee's medical claim without discussing Kingsley).

Cnty., Md., 913 F.2d 113, 120 (4th Cir. 1990) ("A serious psychological impairment can qualify as [a serious] medical need."). To state a § 1983 claim for deliberate indifference to a serious medical need, a prisoner must show that he has a serious medical need and that officials knowingly disregarded that need and the substantial risk it posed. DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018); see Farmer v. Brennan," 511 U.S. 825, 832 (1994).

A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted). An official acts with deliberate indifference if he had actual knowledge of the prisoner's serious medical needs and the related risks but nevertheless disregards them. DePaola, 884 F.3d at 846. The prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. Mere negligence or malpractice does not violate the Eighth Amendment. Miltier v. Beorn, 896 F.2d 848, 852 (4th Cir. 1990), *overruled on other grounds by* Farmer, 511 U.S. at 825.

Plaintiff has adequately alleged the existence of a serious psychological need. See Brown v. Harris, 240 F.3d 383, 389 (4th Cir. 2001) (suicide is the type of serious injury contemplated by the Eighth Amendment). However, Plaintiff has failed to state a claim for deliberate indifference against John Does 2 through 6 because the allegations, when liberally construed, fail to demonstrate that John Does 2 through 6 had actual knowledge of Plaintiff's serious medical or psychological need but nevertheless failed to act. Plaintiff claims that John Doe 2 "may or may not" have been told about Plaintiff's suicide threat by John Doe 1 and merely processed Plaintiff and transported him to the drunk tank, and he "may or may not" have informed central booking of Plaintiff's suicide threat. [Doc. 1 at 6-7]. He further alleges that it is "possible" that John Does 3 through 6 might have seen Plaintiff acting strangely or making suicidal statements and failed protect him from a "known" risk of suicide. [Doc. 1 at 7-8]. These speculative claims fail to plausibly allege that John Does 2 through 6 had actual knowledge of Plaintiff's serious psychological need and that they intentionally disregarded a risk of harm. See, e.g., Goodman v. Wexford Health Sources, Inc., 425 Fed. Appx. 202 (4th Cir. 2011) (plaintiff's allegation that the nurse knew about his medical condition, with nothing more, was insufficient to support a finding that the nurse had a sufficiently culpable state

7

of mind of deliberate indifference to a serious medical condition; Plaintiff did not allege he spoke to the nurse directly to inform her of his medical condition or that anyone told the nurse of his medical condition). Thus, the claims against John Doe Defendants 2 through 6 are insufficient to proceed and will be dismissed.

Because this action is duplicative of another earlier-filed pending action, it will be dismissed without prejudice. Because this action is being dismissed, Plaintiff's Motion to Appoint Counsel will be denied as moot.[5]

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss this action without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. This action is **DISMISSED WITHOUT PREJUDICE** as duplicative of Civil Case No. 1:19-cv-76-MR.

2. Plaintiff's Motion to Appoint Counsel [Doc. 6] is **DENIED** as moot.

3. The Clerk is directed to terminate this action.

---

[5] Even if this Motion were not moot it would be denied because Plaintiff has failed to demonstrate the existence of exceptional circumstances that would warrant the appointment of counsel. See Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987) (requiring a plaintiff must present "exceptional circumstances" for the court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel).

**IT IS SO ORDERED.**

Signed: May 27, 2020

Martin Reidinger
United States District Judge